UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


EMORY McGEE and WANDA McGEE  )
                              )
v.                            )    NO. 2:04-CV-151
                              )
JOHN DEACONS, *ET AL.*         )


# **O R D E R**

This property dispute is before the Court to address the Defendants' Motion for Summary Judgment, to which plaintiffs have not responded. [Doc. 18]. The defendant, John Deakins, Jr., is the Washington County Road Superintendent; the defendant, George Jaynes, is the Washington County Mayor; and the defendant Ed Graybeal is Washinton County Sheriff.

The plaintiffs contend that John Deakins and Washington County took their property to widen a road and raise the road bed which resulted in the flooding of their property causing water in their basement, damage to their septic tank, and interference with their ability to use their property. The plaintiffs also allege that on two occasions, the Sheriff's Department stood guard while the Road Department

tore their fence down without a court order. Although the plaintiffs allege that they have been harassed continually since 1981, they cite no other facts in their complaint to support this conclusory allegation other than their complaints about their property.

Pursuant to LR7.2 of the Local Rules of the United States District Court for the Eastern District of Tennessee, failure to respond to a motion may be deemed a waiver of any opposition to the relief sought. The Sixth Circuit has specifically held that ordinary civil litigants proceeding pro se, while entitled to have their pleadings leniently construed as to form, are not entitled to special treatment, including assistance in regards to responding to dispositive motions. *McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir.1988). Therefore, summary judgment is appropriate in this case because the plaintiffs have failed to respond to the defendants' motion.

In addition, construing the plaintiffs' complaint liberally, the plaintiffs allege that government officials have caused their property to flood and have deprived the plaintiffs of their fence by way of unauthorized official acts which deprived them of due process of the law. It is clearly settled that in a procedural due process case where a government official deprives a plaintiff of property by

2

way of an unauthorized official act rather than pursuant to established procedures, the plaintiff has no due process claim if the state provides an adequate post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 544 (1981) (overruled on other grounds by *Daniels v. Williams*, 575 U.S. 327, 330-31 (1986)).

The elements of a Section 1983 action claiming a violation of procedural due process are set out by the Sixth Circuit in *Nunn v. Lynch,* 113 Fed.Appx. 55, 61, 2004 WL 2030289, *5 (6th Cir.(Tenn.)):

> The Supreme Court has held that the "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful [state] postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533, 104 S.Ct. 3194. "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir.2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir.1991) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir.1983)). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress her due process violations." *Jefferson*, 360 F.3d at 588. See also *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir.1988) ("Although one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as an element of that claim that state procedural

3

remedies are inadequate."). (emphasis added)

The plaintiffs have failed to state a deprivation of due process claim because they have not alleged the inadequacy of state post-deprivation remedies.

**CONCLUSION**

Based upon the foregoing reasons, it is hereby **ORDERED** that the Defendants' Motion for Summary Judgment is **GRANTED**. [Doc. 18], and the plaintiffs' complaint in regard to any alleged federal claims is **DISMISSED WITH PREJUDICE..** Because the plaintiffs were granted leave to proceed *in forma pauperis*, the defendants' motion for attorneys fees and costs is **DENIED**.

**STATE LAW CLAIMS**

The Sixth Circuit has recognized a general rule disfavoring a district court's exercise of pendent jurisdiction when federal issues are dismissed before trial. *Gaff v. FDIC*, 814 F.2d 311, 319 (6th Cir.1987). The Court finds that there is no reason presented in this case to warrant a departure from that general rule, and that based upon "judicial economy, convenience. fairness, and comity," that this Court should not exercise pendent jurisdiction of these claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Accordingly, the Court declines to

4

exercise pendent jurisdiction of the plaintiffs' state law claims, and it is hereby **ORDERED** that these state law claims are **DISMISSED WITHOUT PREJU-DICE**.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE